# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MAGGIE TSAVARIS, )
 )
    Plaintiff, )
 )
v. ) CV418-125
 )
SAVANNAH LAW SCHOOL, LLC, )
 *et al.*, )
 )
    Defendants. )

## **ORDER**

Plaintiff objects to and seeks to quash defendants' subpoenas seeking documents from her prior employers. Doc. 29. She contends defendants failed to notify her before serving the subpoenas, in violation of the Federal Rules of Civil Procedure, sought production through a third-party process server, in violation of the Consent Protective Order, and seek documents irrelevant to the allegations of her discrimination and retaliation Complaint. *Id.* But the subpoenas in question require compliance in the Southern District of Indiana and the Southern District of Florida, *id.*, Exh. 1 (subpoenas directed to Indiana University McKinney School of Law, Miami University School of Law, and Florida International University School of Law), and "a motion to quash, under Rule 45(c)(3)(A), must be filed and decided in the court from which the

subpoena issued." *Gordon v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 2457495 at *1 n. 2 (S.D. Ga. June 16, 2011) (internal quotes and cites omitted).[1] The Southern District of Georgia is not the appropriate district to quash these subpoenas. Fed. R. Civ. P. 45(d)(3). Plaintiff's motion is therefore **DENIED without prejudice**.[2]

**SO ORDERED,** this   13th   day of June, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff's argument that this is a "rare case" warranting an exception to this rule is unconvincing. *See* docs. 38 at 5 & 44 at 2 n. 1; *c.f.* 2013 Adv. Comm. Notes to Fed. R. Civ. P. 45 ("exceptional circumstances" warranting transfer of such a motion to the issuing court include instances where transfer is "warranted in order to avoid disrupting the issuing court's management of the underlying litigation" or to avoid inconsistent results, such as where "the same issues are likely to arise in discovery in many districts."). She argues that the Court may convert the instant motion to a motion for a protective order, to "forbid" defendants from sussing out her past employment records and performance reviews "for the purpose of protecting [plaintiff] from annoyance, undue burden, embarrassment, or oppression." Doc. 38 at 5. But those are not the grounds she raises to object to the subpoenas: plaintiff argues they are procedurally defective and seek information irrelevant to the allegations of the Complaint or defendants' defenses. *See id.* at 6-7. Those are *unexceptional* arguments the district courts in the districts of compliance are more than capable of evaluating.

[2] The Court takes no position on whether the requested documents are relevant to the allegations of the Complaint or defenses, *see Bahrami v. Maxie Price Chevrolet-Oldsmobile, Inc.*, 2013 WL 3800336 at *4 (S.D. Ga. June 19, 2013) (noting that "[w]here parties have cited speculative reasons for seeking employment records, courts have granted motions to quash subpoenas or for protective orders" and collecting cases), or whether service complied with the "spirit and the letter" of Rule 45's prior-notice requirement.

2